IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

            Plaintiff,

Vs.                                                    No.  07-40078-01-SAC

ALONSO AYON CORRALES,

            Defendant.

MEMORANDUM AND ORDER

Following four days of evidence and arguments, the jury returned a verdict finding the defendant guilty of count one, conspiracy to possess with the intent to distribute 16.07 kilograms of cocaine, and count two, possession with the intent to distribute 16.07 kilograms of cocaine. After the jury was impaneled and sworn on April 30, 2009, the defendant orally moved to dismiss the indictment that same morning. (Dk. 84). The defendant argued he was unfairly prejudiced by the government's late disclosure of other crimes evidence on the cooperating co-defendant, Ricardo Aramburo Padilla. In response to the motion, the court recessed the jury trial for the balance of the day so that the government could gather

available reports on this other conviction.

After reviewing certain materials submitted by the government on this issue, the court held a conference in chambers that afternoon and denied the defendant's motion but reserved the right to revisit and reverse its ruling should the parties submit additional briefs and/or evidence. (Dk. 82). The court also denied the defendant's renewed request for continuance but preserved the parties' opportunity to submit written memoranda on this issue after completing a full review of the other crimes evidence being gathered by the government. (Dk. 82). On May 1, 2009, the defendant filed his supplemental memorandum in support of his motion to dismiss. (Dk. 83).

At the jury instruction conference on May 6, 2009, the court recognized this memorandum and received the defendant's exhibit 410 as offered by the defendant in support of his motion to dismiss. The court reviewed those matters and again denied the motion to dismiss for the reasons that were stated earlier and that would be developed further in a subsequent written order. (Dk. 91, p. 2). This order is that subsequent filing intended only to explain the court's ruling and not to reconsider any prior arguments or evidence.

As the record fully demonstrates, the court's ruling did not impair the defendant's right to present evidence or cross-examine witnesses as guaranteed by the Sixth Amendment. The court permitted the defendant to cross-examine Ricardo Aramburo Padilla ("Padilla") about his subsequent 2007 drug trafficking offense and federal conviction in California. With regards to the 2007 drug trafficking offense and conviction, the record indicates the government produced copies of the officer's arrest report and interview, as well as the officer's closing report prepared in 2008. It also produced copies of the plea agreement, criminal judgment and the docket sheet in the 2007 case. Additionally, on April 20, 2009, agents interviewed Padilla about the 2007 conviction and prepared a report of their interview that was furnished to the defendant's counsel. The defendant possessed all of these items several days before Padilla testified, and they were available for the defendant to use in the cross-examination of Padilla.

The defendant complains that the lateness of the government's disclosure precluded his own independent investigation into the 2007 offense and conviction in order to develop Padilla's "history of drug trafficking." The defendant had actual knowledge and grounds to begin

such an investigation well before April 29, 2009, when the government emailed the judgment and plea agreement from the 2007 case. As of October 22, 2007,[1] the defendant's counsel knew from the rap sheet provided by the government that Padilla had been arrested in California by federal agents and charged with smuggling cocaine in April of 2007. At the status conference held on April 21, 2009, in this case, the defendant's counsel concurred with the government's representation that Padilla's prior "drug-related conviction" had been disclosed. While the defendant's counsel says he misunderstood the government's representation and was relying on the government's actual production of reports which did not include the 2007 conviction, the court still finds no colorable claim of unfair surprise as the defendant had actual knowledge of the federally charged offense back in October of 2007 and apparently did nothing to investigate it independently. Finally, the defendant was able to confront Padilla about this prior conviction with full disclosure from the government. What more the defendant could have discovered in his own separate investigation remains a matter of sheer speculation and does not support any substantial claim that material evidence favorable to the defendant has been

---

[1]Padilla entered his plea of guilty in the 2007 case on October 30, 2007.

suppressed. *United States v. Erickson*, 561 F.3d 1150, 1163 (10th Cir. 2009) ("A Brady claim fails if the existence of favorable evidence is merely suspected. That the evidence exists must be established by the defendant." (citation omitted)), *petition for cert. filed*, (No. 08-10987 Jun. 12, 2009).

Also during the jury instruction conference, the court remarked that its written order would address the prior rulings on the defendant's cell phone and the recent calls directory. On Monday morning, May 4, 2009, the defendant moved the court to bar the government's introduction of a handwritten document (Defendant's Ex. 410) recently prepared by Agent Skelton. Over the weekend, the agent had searched the recent call directories on the cell phones of the defendant and Ms. Villano and had prepared a listing of the numbers and names found on those directories. These cell phones were already in evidence, but no search of these directories apparently had occurred during the investigation or anytime prior to Agent Skelton's search which entailed doing nothing more than charging the phones and recording the date, time, number and any name found in the recent calls directory.

The defendant complained of surprise and prejudice from this

late disclosure. The defendant noted that the government had produced the phone records subpoenaed from the cell phone service provider, but the recent calls directory included calls not found on those subpoenaed records (Defendant's Exh. 407). The government offered that the additional calls found on the phone may not have been included on the toll records because they were "direct connections" or "push to talk" numbers. Whatever the explanation for the discrepancy, both sides appeared to be surprised by the results of Agent Skelton's search.

The court initially sustained the defendant's motion and precluded the government from introducing testimony from Agent Skelton that he had searched the cell phones' recent calls directories over the weekend and then prepared a written list of those calls. The court observed that the prejudice to the defendant from the late search and disclosure outweighed the propriety of disclosing the search and its written results. The court, however, noted that the evidence of these recently made phone calls had already been admitted when the cell phones were admitted into evidence.

When the government later asked the court to reconsider, the court did so. The court did not modify its ruling that Agent Skelton could

not testify about his weekend search of the recent calls directories or introduce any documents prepared as a result of those searches. The court, however, did not preclude Agent Skelton from testifying about the features of the admitted cell phones and to demonstrate for the jury what information is stored in those cell phones. The defendant's counsel is in no position to argue surprise over the propriety of such testimony. The cell phones were seized at the time of the defendant's arrest and were known to be part of the government's evidence as shown in different reports. There is nothing of record to suggest that the defendant was denied any requested opportunity to inspect the cell phones prior to trial. As far as the government's actual reports on the cell phones, none of them represented that the recent calls directories had been searched. Since the phones were already in evidence, the court finds no impropriety nor unfair prejudice to the defendant in Agent Skelton's testimony describing the cell phones' features and contents and demonstrating their use.

IT IS THEREFORE ORDERED that the above is filed to explain two of the court's evidentiary rulings during trial but not to reconsider any prior arguments or evidence.

Dated this 30th day of June, 2009, Topeka, Kansas.


        <u>s/ Sam A. Crow</u>
        Sam A. Crow, U.S. District Senior Judge