IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                                        No.  07-40078-01-SAC

ALONSO AYON CORRALES,

          Defendant.

MEMORANDUM AND ORDER

        The case comes before the court for sentencing following a jury verdict that found the defendant guilty of count one, conspiracy to possess with the intent to distribute 16.07 kilograms of cocaine, and count two, possession with the intent to distribute 16.07 kilograms of cocaine.  The presentence investigation report ("PSR") recommends finding a total offense level of 34 based exclusively on the quantity of the cocaine, 16.07 kilograms of cocaine, and a criminal history category of two for a guideline sentencing range of 168 to 210 months.  The government objects asserting the PSR should include additional information about odometer readings and certain conclusions on relevant conduct to be drawn from those readings.  The defendant opposes the government's objection and further

objects to the lack of a minor role adjustment. The defendant also seeks a downward variance to 120 months which is the mandatory minimum sentence.

**GOVERNMENT'S OBJECTION**

The government does not object to the PSR's calculations of the total offense level or criminal history category. The government asks for the PSR to include as shown from the evidence that the defendant Corrales received the load car from Ricardo Padilla-Aramburo on June 20, 2005, that the odometer reading on the load car at that time was 82,549 miles, that the odometer reading on the load car was 95,688 miles when it was serviced on July 15, 2005, and that the odometer reading on the load car was 97,436 miles when the traffic stop in Kansas occurred on July 20, 2005. From these assertions, the government asks for the PSR to include the following conclusions: that Corrales had driven this load car 14,887 miles after receiving it from Padilla, that a round trip from Corrales' home in Modesto, California, to Durham, North Carolina is 5,484 miles, and that Corrales was stopped on July 20, 2005, while just over half-way through his third trip delivering cocaine to North Carolina. The defendant properly points out that the government bears the burden of proving the quantity of

drugs involved for sentencing purposes and that the government's arguments for relevant conduct lack sufficient credible evidence and are nothing more than guesswork and improper extrapolation.

Ruling: The Sentencing Guidelines "permit a court to consider all 'relevant conduct' when determining the base offense level for someone convicted of an offense." *United States v. Asch*, 207 F.3d 1238, 1243 (10th Cir. 2000) (citations omitted). "The government must prove the amount of drugs attributable to" a defendant, *United States v. Lauder*, 409 F.3d 1254, 1267 (10th Cir. 2005), and this must be "established by a preponderance of the total sum of the evidence." *United States v. Verdin-Garcia*, 516 F.3d 884, 896 (10th Cir.), *cert. denied*, 129 S. Ct. 161 (2008). "When the actual drugs underlying a drug quantity determination are not seized, the trial court may rely upon an estimate to establish the defendant's guideline offense level so long as the information relied upon has some basis of support in the facts of the particular case and bears sufficient indicia of reliability." *United States v. Dalton*, 409 F.3d 1247, 1251 (10th Cir. 2005) (internal quotations omitted). "However, the need to estimate drug quantities at times is not a license to calculate drug quantities by guesswork." *Id.* "When choosing between a number of plausible estimates

of drug quantity, none of which is more likely than not the correct quantity, a court must err on the side of caution." *United States v. Richards*, 27 F.3d 465, 469 (10th Cir. 1994) (internal quotations and alterations omitted). Evidence relied upon in proof of a sentencing fact "must possess a minimum indicia of reliability." *United States v. Cruz Camacho*, 137 F.3d 1220, 1225 (10th Cir. 1998).

      The court overrules the government's objection. At trial, there were receipts and documentation offered and admitted to show the names given by those parties in control of the load car at different times. These receipts also showed the car's odometer readings at those times. The PSR properly omits this information, because the odometer readings are not facts that could affect the sentencing. As for what the government offers as relevant conduct inferences to be drawn from those odometer readings, the court rejects them as unsupported by a preponderance of the total evidence. First, the evidence at trial does not show Corrales to have taken possession of the load car on June 20, 2005. The government's principal evidence on this issue came from the cooperating co-defendant Ricardo Padilla-Aramburo. During redirect of Padilla, the government questioned him extensively on when he delivered the load car to Corrales.

...

While Padilla was less than sure about these details, he testified that he drove the load car across the border sometime after June 20th and that it could have been approximately two weeks later. Second, the court has no recollection of Padilla testifying to what the odometer reading was on the load car when he delivered it to Corrales. Padilla's testimony was less than clear as to who actually controlled the load car between June 20th and when he drove it across the border. Thus, the government's proposed conclusion that "Corrales had driven this load vehicle 14887 miles from the time he obtained the vehicle from Padilla until the time of his arrest" is not supported by a preponderance of evidence at trial and is rejected as little more than guesswork. Nor is this court persuaded from the record presented by the government that a preponderance of evidence shows Corrales delivered cocaine to North Carolina on other occasions between June 20th and July 20th. The government's objection is overruled.

**DEFENDANT'S OBJECTION**

The defendant objects to the PSR not recommending a minor role adjustment. He argues that he drove the load car only one time; that he was not responsible for negotiating, planning, financing, organizing the trip or handling the eventual distribution of the drugs; that he had limited

knowledge of the conspiracy, especially with regard to the source and final destination of the drugs; and that his limited criminal history does not indicate a background or knowledge beyond the limited role of a courier. In opposing this objection, the government puts forward again its speculation that the defendant transported cocaine several times based on the odometer readings.

Ruling: The Sentencing Guideline's mitigating role adjustments are intended "for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 comment. (n.3(A)). Application of the adjustment depends heavily "upon the facts of the particular case. As with any other factual issue, the court, in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." *Id.*, comment. (n.3(C)). The burden of proving minor or minimal participation rests with the defendant. *United States v. Eckhart*, 569 F.3d 1263, 1276 (10th Cir. 2009)

The label of drug courier does not qualify or disqualify a defendant from the mitigating role adjustment. The Tenth Circuit recently restated its recognition that "'[d]rug couriers are an indispensable

component of drug dealing networks" and have "refused to adopt a per se rule allowing a downward adjustment based solely on a defendant's status as a drug courier.'" *Id.* (quoting *United States v. Rangel-Arreola*, 991 F.2d 1519, 1524 (10th Cir. 1993). "To debate whether couriers as a group are less culpable would not be productive, akin to the old argument over which leg of a three-legged stool is the most important leg." *United States v. Martinez,* 512 F.3d 1268, 1276 (10th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 128 S. Ct. 2461 (2008).  Thus, a role reduction must "turn on the defendant's culpability relative to other participants in the crime." *Id.*  From its review of Tenth Circuit precedent, this court has identified some of the factors relevant in deciding whether a role reduction is appropriate for a drug courier:

> "(1) the defendant's knowledge or lack thereof concerning the scope and structure of the enterprise and of the activities of others involved in the offense, . . .; (2) the defendant's involvement in more than one transaction,. . . ; (3) the distance traveled by the courier and amount of compensation, . . . ; (4) the quantity of drugs entrusted to the defendant for transportation,. . . ; (5) the fact that the defendant was specifically hired to transport or "duped into delivering" the contraband, . . . ; (6) the level of planning required to transport the drugs, . . . ; and (7) the defendant's involvement in regards to "underlying scheme" in comparison to the defendant's involvement in the offense of conviction, . . . .

*United States v. Vargas-Islas*, 437 F. Supp. 2d 1180, 1183 (D. Kan. 2006)

(internal quotation marks and citations omitted).

From what the defendant argues from the trial record, the court is not persuaded that a preponderance of evidence shows the defendant is entitled to a role reduction. The court infers from Padilla's testimony that Corrales was someone trusted by the organizer and leader of this distribution conspiracy to handle a reluctant courier and to protect the load car. Another distinction here from the cases cited by the defendant is that Corrales exercised more control and possession over the load car both in time and in regular maintenance. The defendant's cell phone also included a regular contact with a name similar to the organizer and leader identified by Padilla. These circumstances, in combination with the lengthy travel plans, the large amount of cocaine, the defendant's post-arrest statement denying any direct financial compensation for the trip, *see United States v. Roman-Roman*, 245 Fed. Appx. 765, 2007 WL 2309800 (10th Cir.), *cert. denied*, 128 S. Ct. 636 (2007), and the defendant's culpability relative to Padilla and Ana Villano weigh against a role reduction. The defendant's objection is overruled.

The defendant's sentencing memorandum advocates a sentencing variance on several grounds. The court will weigh and address

this request at the sentencing hearing.

IT IS THEREFORE ORDERED that the government's objection to the PSR as argued in the PSR addendum and in its sentencing memorandum (Dk. 109) and the defendant's objection to the PSR as argued in the PSR addendum and in his sentencing memorandum (Dk. 111) are overruled.

Dated this 25th day of August, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge