IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Respondent/Plaintiff,

Vs.                                Nos.  07-40078-01-SAC
                                                11-4057-SAC
ALONSO AYON CORRALES,

          Movant/Defendant.

MEMORANDUM AND ORDER

When he filed his original motion under 28 U.S.C. § 2255, (Dk. 132), the movant/defendant Alonso Ayon Corrales also filed a motion to appoint counsel (Dk. 135) and a motion for discovery (Dk. 136). The government filed a response summarily opposing the latter motion. (Dk. 140). Based on the government's response to the original § 2255 motion, it implicitly opposes the movant's request for counsel. (Dk. 139).

A defendant generally has no right to counsel in the prosecution of a § 2255 motion, because the right to appointed counsel extends to the first appeal of right, and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). An exception to the general rule entitles a defendant to counsel when an evidentiary hearing is required in a § 2255 proceeding. Rule 8(c) of the Rules Governing Section 2255 Proceedings; *Swazo v. Wyoming Dep't of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir.1994). In light of the exhaustive trial record and the nature of the defendant's

arguments, an evidentiary hearing appears unnecessary at this stage.[1] Although a district court may appoint counsel when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), the defendant's arguments here are not unusually complex either legally or factually, and the facts and circumstances surrounding them have been the matter of several rulings at trial and on appeal. Consequently, the appointment of counsel to further investigate these claims seems futile. The defendant's pro se pleadings certainly show him capable of articulating his claims, albeit in a somewhat rambling fashion. The court denies the defendant's request for appointed counsel.

The movant asks for leave pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings to conduct discovery concerning what evidence his trial counsel failed to investigate on "the government's star witness" at the defendant's trial. (Dk. 136). Specifically, the movant wants to depose his former counsel "to determine why he failed to investigate

---

[1] An evidentiary hearing on a § 2255 motion is held "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995). The defendant has the burden of alleging facts, if proven, would entitle him to relief. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996). "The allegations must be specific and particularized, not general or conclusory." Id. The defendant's filings do not demonstrate that a hearing is necessary on the issues raised. The issues were repeatedly addressed at trial and on appeal, and the exhaustive trial record seems more than sufficient for deciding the defendant's most recent efforts.

certain information given to him by the United States relating to the 2007 drug arrest and conviction of Ricardo Padilla." *Id*.  The government asserts the requested discovery would not "materially aid the court" in deciding the issues.  (Dk. 140, p. 2).  In reply, the defendant repeats his request to depose his trial counsel to learn why he "failed to investigate Padilla's 2007 arrest and subsequent conviction after receiving Padilla's 2007 "NCIC rap sheet," his counsel's opinion on what additional evidence might have been learned had he been given more time to investigate Padilla's 2007 offense, and his counsel's interpretation of the trial court's rulings on the permitted scope of examination on Padilla's 2007 offense.  (Dk. 157).

Unlike a civil litigant in federal court, a habeas petitioner is not entitled to discovery as a matter of ordinary course.  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing Section 2255 Proceedings provides, in pertinent part:

> (a) A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.  If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
> (b) A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

Thus, in order to be permitted to the discovery requested, defendant must show "good cause" and must provide "reasons for the request."  "[T]he scope and extent of such discovery is a matter confided to the discretion of

the District Court." *Bracy*, 520 U.S. at 909.  To meet the requirement of good cause, a petitioner must provide the court with "specific allegations [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).  "Mere speculation" over exculpatory material is "unlikely to establish good cause for a discovery request on collateral review."  *Strickler v. Greene*, 527 U.S. 263, 286 (1999); *United States v. Verdin-Garcia*, 2010 WL 1643737 at *12 (D. Kan. 2010).

      The movant has not offered specific allegations on what facts would be developed through the requested discovery as to entitle him to relief.  The defendant does not link his trial counsel's possible reasons for not investigating Padilla earlier to any legal propositions supporting his § 2255 claims.  This is also true of his counsel's interpretations of the trial court's rulings on the scope of Padilla's cross-examination.  Finally, his trial counsel's speculation over what might have been learned from additional investigation of Padilla is not proper evidence for his § 2255 claims.  The defendant's argument and proof on the prejudice prong of his § 2255 claims are riddled with sheer speculation that would not be cured with this discovery.  Having failed to show good cause for the requested discovery, the movant's motion shall be denied.

IT IS THEREFORE ORDERED that the movant's motion to appoint counsel (Dk. 135) and motion for discovery (Dk. 136) are denied.

Dated this 31st day of August, 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge