IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

   Vs.                           No. 07-40078-01-SAC

ALONSO AYON CORRALES,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the pro se motions of the defendant Alonso Ayon Corrales for appointment of counsel (Dk. 180) and to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines (Dk. 181). Following a seven-day jury trial, the defendant Corrales was convicted on these counts: conspiracy to distribute approximately 16.07 kilograms of cocaine (count 1) and distribution of approximately 16.07 kilograms of cocaine (count 2). Each count carried a mandatory minimum term of imprisonment of 120 months for involving more than 5 kilograms of cocaine. 21 U.S.C. § 841(b)(1)(A). In August of 2009, the court sentenced the defendant to 120 months on each count to run concurrently. (Dk. 115). The court overruled the parties' objections to the presentence report and accepting its findings of a total offense level of 34 based solely on the quantity of cocaine, 16.07 kilograms of cocaine, and a criminal history category of two for a guideline sentencing

range of 168 to 210 months. In sentencing the defendant Corrales to 120 months on each count, the court imposed the mandatory minimum sentence required by statute.

Section 3582(c)(2) permits a court to reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." *See United States v. Darton*, 595 F.3d 1191, 1194 (10th Cir.), *cert. denied*, 560 U.S. 978 (2010); *see also Dillon v. United States*, 560 U.S. 817, 821 (2010) ("Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission.").

The Sentencing Commission in Amendment 782 revised the Drug Quantity Table in U.S.S.G. § 2D1.1 by lowering the base offense levels for the respective drug quantity ranges by two points. The Sentencing Commission made Amendment 782 retroactively applicable, and it is now listed in subsection (d) of § 1B1.10(d) subject to subsection (e)(1) which

bars a court from reducing a term of imprisonment "based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."

Amendment 782 does lower the base offense level for the defendant Corrales from 34 to 32 and results in a guideline sentence range of 135 to 168 months. This change, however, does not result in a reduction in the defendant Corrales' term of imprisonment, as the court sentenced him on the basis of his statutory minimum. *See United States v. Shines*, 527 Fed. Appx. 663, 665 (10th Cir. 2013). The Tenth Circuit has observed:

> However, in many cases, the operation of the statutory minimum sentence will preclude a sentence reduction under 18 U.S.C. § 3582(c)(2). See U.S.S.G. § 1B1.10, cmt. n. 1 (2011) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) … [if] an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).").

*United States v. Osborn*, 679 F.3d 1193, 1194 n.1 (10th Cir. 2012). "Section 3582(c)(2) proceedings 'do not constitute a full resentencing of the defendant,' and the authority of district courts to recalculate a sentence is limited to that part of the sentence affected by a retroactively applicable amendment to the Guidelines. U.S.S.G. § 1B1.10(a)(3) (2011)." *United States v. Lucero*, 713 F.3d 1024, 1027 (10th Cir.) (citing *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)), *cert. denied*, 134 S. Ct. 287 (2013). Amendment 782 does not lower the mandatory minimum used for

the defendant's sentence. Consequently, the defendant Corrales is not eligible for any lower sentence despite the lower guideline ranges resulting from Amendment 782. *See United States v. Woods*, 469 Fed. Appx. 683, 686 (10th Cir. 2012).

IT IS THEREFORE ORDERED that the pro se motion of the defendant Alonso Ayon Corrales to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines (Dk. 181) is denied for the reasons stated above, and his motion for appointment of counsel (Dk. 180) is denied as there is no statutory basis for relief.

Dated this 3rd day of February, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge